AMIS vs. STEAMBOAT LOUISA.

This was an action brought under the acts concerning boats and vessels, for work and labor done on two keel-boats, charged to have been appurtenances of the steamboat Louisa. Held:

1. That, what is an appurtenance of a steamboat, is a question of fact to be determined by the jury.

2. That evidence showing that the keel-boats were repaired for the use of the steamboat Louisa, and were used to assist that boat in navigating the river, although not originally constructed for the Louisa, was evidence to show that they were appurtenances of that boat.

APPEAL from St. Louis Court of Common Pleas.

LEONARD AND BAY, for Appellant.

POINTS AND AUTHORITIES.

1st. The court below erred in instructing the jury, that they were bound, on the evidence before them, to find for the defendant. This instruction virtually took the whole case from the jury. Chamberlin vs. Smith's admr.; 1 Mo. Rep. page 341, 2nd ed.; Labeaume vs. Dodier, et al.; 1 Mo. Rep., 441, 2nd ed.; Hughes vs. Ellison, 5 Mo. Rep. 111; Morton vs. Reed, 6th Mo. Rep. 73; Glasgow and Harrison vs. Copeland, 8 Mo. Rep. p. 268.

2nd. The evidence clearly established the truth of the allegation, that the barges were appurtenant to the steamboat, and the statute renders the boat liable for labor done by mechanics and others, in "*fitting out, furnishing and equipping*" the boat. The barges were certainly considered as necessary appendages to the steamboat, in order to enable her to accomplish the object of her owners, in transporting freight from St. Louis to New Orleans.

Revised Statutes of 1835, act concerning "boats and vessels," page 102, sec. 1; act of Feb. 12th, 1839, concerning "boats and vessels;" session acts of 1838-9, page 13. The execution of the note by the clerk by order of the captain, was an admission of the justice of the claim, as well as the amount of the demand. Byrne vs. St. Bt. Elk, 6 Mo. Rep. page 555.

A. HAMILTON, for Appellee.

Amis vs. Steamboat Louisa.

POINTS AND AUTHORITIES.

1st. This court will not reverse, because of an erroneous instruction, if the party complaining has shown no right of action; 6 Mo. Rep. 280. Nor if it is apparent from the record, that the instructions given could not have been prejudicial to him; 7 Mo. Rep. 417; 8 ib. 225. The instruction of the court, was in effect, a demurrer to the plaintiff's evidence. The defendant introduced no testimony.

2nd. The execution of the note by the clerk, under the direction of the master, cannot *per se* operate to impose a lien, if none legally exist. The master, it is true, is authorized to bind the boat, but the scope of his authority is declared in the act. This transaction was not within his powers. R. L. 1835, p. 102, sec. 1. He could only have given a note, in the names of the barges.

3rd. That the barges were owned by the proprietors of the Louisa, and were in the occasional use of that boat, as lighters in carrying freight, did not make them, in legal contemplation, like a yawl for instance, parts of her necessary furniture and equipment. They were separate and distinct existences—were not built with reference to the Louisa, but for another purpose, were distinguished by names, and were susceptible of registration. Another steamboat, used in the same way, as a lighter, might with equal propriety be considered an appurtenance and part of the principal boat.

4th. The testimony did not show that the barges were appurtenances, or parts and parcels of the Louisa, but established directly the contrary, and that they were only in the occasional or temporary use of the boat, as lighters.

McBride, J., delivered the opinion of the court.

This was a proceeding under the Statute, R. C. 1835, p. 102, and the supplemental act of 1839; Sess. acts 1838-9, p. 13. To the original complaint filed in the cause, the defendant demurred, assigning as special causes, that it appeared by the complaint that the sum claimed by the plaintiff accrued on account of work done, in the caulking and repairing of two *keel-boats*, used in navigating the waters of this State, and not for work done on the said steamboat Louisa; and that it was not alleged, and did not appear, that the keel-boats belonged to, and were appurtenances of the said steamboat Louisa. The court of common pleas sustained the demurrer, and the plaintiff asked and obtained leave to file an amended complaint. The amended complaint stated

the cause of action to be for work and labor on certain *barges,* connected with and appurtenant to the said steamboat Louisa.

To the amended complaint the defendant pleaded, 1st *nil debit.* 2d, That the said plaintiff did not perform work, &c., on the said steamboat Louisa, or any part or parcel thereof. 3d, That the said keel-boats or barges, at the time the work was done, were not, nor was either of them, appurtenances of the said steamboat Louisa, as stated in said complaint.

On the trial, the plaintiff offered evidence conducing to prove the work done on the barges and its value, and that the clerk of the said steamboat gave a note in the name of said boat, by order of the captain, for the work, as stated in the complaint—that these barges were originally built by the dry dock company for another purpose, and were subsequently bought by the owners, and repaired for the use of the steamboat Louisa. That they had distinct names, the one called the "Wave," and the other the "Ripple;" and their capacity was about 125 tons each. That it was customary to register such barges—those had been used by the steamboat Louisa on several occasions, in carrying freight on the Mississippi river, and that the freight bills were given in the name of the Louisa *and* barges. That barges are used by steamboats in times of low water. Some boats have no barges. That a yawl is an essential part of the appurtenances of a steamboat, but that a barge is not. Some boats have no yawl. That barges, when used, are as much under the care and control of the officers, as the boat itself.

The defendant offered no evidence. Thereupon the court instructed the jury, that from the evidence before them, they were bound by law to find for the defendant, and the jury having so found, the court entered judgment, when the plaintiff filed his motion for a new trial, assigning, among other reasons, because the court misdirected the jury, which being overruled, he appealed.

The instruction of the court is the error complained of. What is or is not "appurtenances" of a steamboat, is, we think, a question of fact, to be established by evidence, and the fit subject of enquiry for a jury. The statute no where defines what is meant by the term; it must then be referred to the intention of the defendant, and the general understanding of the community who are conversant with the business of steamboating. It does not necessarily follow, that because the keel-boats were originally built for another and an entire different purpose, that they may not afterwards become so identified with the steamboat, as to be said to be appurtenant thereto. So of a yawl, which may have originally been built for a pleasure or market craft, or used by the dry

dock company, to facilitate their business, and is afterwards purchased by a steamboat for the purpose of accompanying and being used by her in navigating the rivers. And the same may be said of all the tackle of a steamboat, none of which was originally made for the boat which acquired it. We are of opinion, moreover, that there was some evidence conducing to show, that the keel-boats repaired at the instance of the captain of the steamboat, and used in the employment of the boat, when occasion required their use, come within the term "appurtenances" of said steamboat. This then being the tendency of the evidence to establish a fact relevant to the issue before the jury, the court erred in the instruction given, which took the whole case from the jury. 1 Mo. R. 483; Ib. 619; 5 Ib. 110; 6 Ib. 73; 8 Ib. 268.

The other judges concurring herein, the judgment of the court of common pleas is reversed, and the cause remanded for a new trial to be had in that court.

